UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY LEE HOUSTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. GUTIERREZ, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-02475-JSW<br><br>**ORDER GRANTING IN PART MOTION FOR JUDGMENT ON PLEADINGS; ON PENDING MOTIONS; SCHEDULING SUMMARY JUDGMENT MOTION**<br><br>Re: Dkt. Nos. 4, 14, 15, 18 |

　　　　Plaintiff, a California prisoner proceeding pro se, filed this civil rights action against three officials at Salinas Valley State Prison ("SVSP"). Defendants have filed a motion for judgment on the pleadings. First, to the extent Plaintiff sues the individual Defendants in their official capacity for relief other than prospective injunctive relief, such claims are barred by the Eleventh Amendment. *See Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010). Plaintiff's excessive force claims against Defendants in their individual capacities, however, are cognizable.

　　　　Second, Defendants argue that Plaintiff has failed to allege that they did not intercede in the use of excessive force. Plaintiff alleges that Defendants each used excessive force against him in the same incident. These allegations, when liberally construed, are sufficient to state a cognizable claim for the violation of the Eighth Amendment, either based upon their own use of force, or based upon the theory that each of them could have interceded in the others' use of excessive force but did not.

　　　　Defendants' motion for judgment on the pleadings is GRANTED insofar as the claims against the Defendants in their official capacity for damages are DISMISSED. Defendants' motion is otherwise DENIED. The remaining claims are that Defendants, in their individual capacity, violated Plaintiff's Eighth Amendment rights by using excessive force and/or by failing

to intercede in the use of excessive force by others.

Plaintiff's motion for immediate injunctive relief is DENIED because he has not made the showing required under Rule 65 of the Federal Rules of Civil Procedure. Defendants' motion for an extension of time to file their dispositive motion is GRANTED. Plaintiff's request for a copy of the docket sheet is GRANTED.

No later than **January 20, 2023**, Defendants shall file a motion for summary judgment or, if they are of the opinion that this case cannot be resolved by summary judgment, so inform the court. All papers filed with the court shall be promptly served on the plaintiff. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **February 19, 2023**. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date. Along with his motion, defendants shall file proof that they served plaintiff the *Rand* warning at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion.

The Clerk shall send Plaintiff a copy of the docket sheet.

**IT IS SO ORDERED.**

Dated: November 28, 2022

JEFFREY S. WHITE
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.